MELLIE ESPERSON STEWART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27894. Promulgated February 3, 1930.

*B. F. Louis, Esq.,* and *M. G. Smythe, Esq.,* for the petitioner.
*O. J. Tall, Esq.,* and *R. B. Cannon, Esq.,* for the respondent.

**OPINION.**

MARQUETTE: This proceeding presents the following question, namely: Is interest earned but not due and payable prior to de-

cedent's death, properly included as taxable income for the year subsequent to his death, when it is paid?

This question has been before this Board and decided in the negative several times. See *E. S. Heller et al., Executors,* 10 B. T. A. 53; *Ella C. Loose, Executrix,* 15 B. T. A. 169; *Jackson B. Kemper, Administrator,* 14 B. T. A. 931; *William K. Vanderbilt et al., Executors,* 11 B. T. A. 291, and *Walter R. McCarthy, Executor,* 9 B. T. A. 525.

We abide by these decisions. The respondent erred in determining that the interest earned up to the date of Esperson's death and amounting to $101,413.10 constituted taxable income when paid in a later year. The amount of such interest was properly a part of Esperson's gross estate and subject to the Federal estate tax, but it did not constitute income to the petitioner when collected by her.

As to the second error alleged by the petitioner, it is admitted by the parties that but $21,623.19 of the amount of $27,796.83 should be added to income for 1923. The balance of the latter amount will, therefore, be excluded.

*Judgment will be entered under Rule 50.*